UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               CAUSE NO. 3:22cr5 DRL

DEQUAN BRIGGS,

        Defendant.

OPINION AND ORDER

Dequan Briggs, proceeding *pro se*, requests compassionate release and counsel. The court generally "may not modify a term of imprisonment once it has been imposed," but may do so when "extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant requesting release bears the burden of establishing extraordinary and compelling reasons. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). The sentencing guidelines outline circumstances that may be extraordinary and compelling. U.S.S.G. § 1B1.13(b). Release must also satisfy the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

In 2024, Mr. Briggs pleaded guilty to unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He was a passenger in a parked car where officers found a loaded gun with an extended magazine, a large amount of cash, and drugs. The firearm was stolen from a gun shop just two weeks before. In February 2024, the court sentenced him to a 70-month term of imprisonment. He is currently housed at FCI Beckley with an anticipated release date of June 18, 2028. He exhausted his administrative remedies [56-1]. This is his second compassionate release

petition. He filed his first one on November 22, 2024, and then this second one on December 13, 2024—mere days after his first one was denied.

Mr. Briggs requests counsel for assistance with this second motion. Generally, "movants seeking a sentence reduction under § 3582(c) have no constitutional right to counsel." *United States v. Scott*, 850 F. App. 449, 452 (7th Cir. 2021) (citing *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021)). When considering whether to appoint counsel, the "mandatory, threshold inquiry" is whether the litigant has "reasonably attempt[ed] to get a lawyer." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Mr. Briggs has shown no attempts to recruit counsel on this record other than saying he can't afford a lawyer, nor is there other cause, so the court denies his motion for counsel and addresses its substance.

Mr. Briggs argues that compassionate release is warranted because of his mother's medical condition, his rehabilitation, and his service of a good portion of his sentence. Upon review, none of these factors on today's record, either independently or collectively, establishes extraordinary and compelling circumstances for early release.

The guidelines say the incapacitation of the defendant's parent, when the defendant would be the parent's only available caregiver, can be an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(C). Mr. Briggs reports that he is the only person who can provide his mother's care, and she faces a serious diagnosis with stage four cancer as she receives ongoing chemotherapy and radiation treatment. She too says she needs help with daily activities at times. Mr. Briggs wishes to take her to appointments, run errands, ensure she takes her medications, and help with her apartment's upkeep.

The government first argues that Mr. Briggs hasn't shown that his mother is incapacitated. Incapacitated doesn't mean that someone is ill, or even seriously ill, but that the individual cannot see to her self-care because she is completely disabled, or otherwise debilitated and confined to a bed or chair, or incapable mentally or physically of normal functioning. *See, e.g., United States v. Gross*, 2024 U.S Dist. LEXIS 160091, 6 (N.D. Ind. Sept. 5, 2024); *United States v. Reedy*, 2024 U.S. Dist. LEXIS 234030, 35 (N.D. Ill. Dec. 30, 2024).

Mr. Briggs says his mother's ability to provide daily self-care and see to her usual tasks has "substantially diminished," but not that she has become incapacitated. The doctor confirming a cancer diagnosis (without saying stage four) and ongoing treatment also offers no such opinion of incapacitation. *See United States v. Villar*, 2024 U.S. Dist. LEXIS 103611, 11-12 (N.D. Ill. June 11, 2024). Mr. Briggs's mother says she has been unable to work and perform daily activities because of her illness, but she leaves unanswered the extent of this, reporting only that it limits her ability to perform self-care "at times."

The court sympathizes with her medical condition and certainly understands that her regimen of treatment will likely leave her at times with less desire and even ability to perform normal tasks each day, but nothing medically shows her incapacitation or inability to adapt daily activities to suit her needs and energy levels. Everyday cancer patients receive treatment, and many must plow ahead with their self-care, their work, and their daily tasks, and lean on friends and family in those tougher moments of the illness or when the medical treatment designed to combat it hits them hardest. In doing so, they are courageous, but not incapacitated.

The government next argues that Mr. Briggs hasn't shown that he is the only available caregiver. Of course many—indeed likely most—family members or other possible caregivers related to inmates will have important demands on their time, including their own families, work,

3

education, community engagement, recreation, and the like. People generally are busy. Busy lives are typical, not extraordinary. Families all the time adapt to the special needs or circumstances that may arise with a loved one notwithstanding these demands. Life's common demands alone don't make a person unavailable. Aside from busy lives, sometimes family members or other possible caregivers are unwilling to provide care, but their mere unwillingness to step up and provide care likewise doesn't mean they are in a real sense unavailable. *See, e.g., Gross*, 2024 U.S. Dist. LEXIS 160091 at 8; *United States v. Armour*, 2024 U.S. Dist. LEXIS 66314, 14 (S.D. Ind. Apr. 11, 2024); *United States v. Worthen*, 2023 U.S. Dist. LEXIS 135672, 6 (S.D. Ind. Aug. 4, 2023).

Mr. Briggs has three sisters. One lives in Massachusetts, and she and has four children and manages a business. Another lives in Minnesota, about eight hours away, and works a job while caring for three children. The third lives in South Bend and cares for five children. In short, Mr. Briggs isn't the only available caregiver. Though the court applauds his desire to care for his mother and though his mother's care may prove more difficult for one sibling over another, there are those available who can care for her, and even collectively they may find ways to share the load. After all, many hands make light work.

Mr. Briggs also points to his time served and his rehabilitation. Service of a sentence is expected, not extraordinary. Rehabilitation is important, but not alone sufficient. Mr. Briggs says he is participating in programs, like evidence-based recidivism reduction programming and mentoring of other inmates. He also says he has developed a new mindset. The court commends his progress, and Mr. Briggs should be encouraged in his continued efforts, but rehabilitation cannot serve under the law as the sole basis for early release. *See* 28 U.S.C. § 944(t).

Even so, the § 3553(a) factors counsel against release. Indeed, the court sentenced Mr. Briggs just over a year ago, and nothing has materially changed. *See Scott*, 850 F. App. at 452

4

(permissible to incorporate original § 3553(a) analysis when it had been only two years since sentencing). The same "profound contempt for the law" and "rather entrenched recidivism" that has seen him fast-track in a mere ten years into our highest criminal history category well before age 30—with sixth felonies, his second firearm offense, and his second federal conviction—make his sentence altogether sound. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B).

Add to this a stolen and loaded firearm this time, sitting outside the very house where other guns from the theft of a gun shop were found, already subject to an arrest warrant for violating his federal supervision because of drugs, and a made-up story about whose gun it was, and it becomes increasingly apparent that the duration of his sentence is indispensable. Serving roughly 21 months of his 70-month term is but a start, not a finish. Reducing it would create a gross disparity, and it would not address the recidivism concerns that still worry the court on this record, particularly for someone who wasn't deterred by a previous term for the exact same offense—and not just prior prison terms, but aided by drug treatment, supervision, and a GED without seeming reform. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(6).

Assurances that Mr. Briggs isn't the same person are hard to square with a decade of nearly uninterrupted criminal conduct (save for terms spent incarcerated) and a well-necessary mid-range sentence, even considering his personal characteristics. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C). Hope is assured in action, not words.

For these reasons, the court DENIES the motion for compassionate release [49] and DENIES the motion to appoint counsel [51].

SO ORDERED.

March 28, 2025                                                 *s/ Damon R. Leichty*
                                                               Judge, United States District Court